### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK A. CROMPTON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 05-1197 |
| GREG FIRKUS, Acting Warden, | ) |
| Respondent. | ) |

## O R D E R

Now before the Court is Petitioner, Erik A. Crompton 's ("Crompton"), Notice of Appeal, which the Court construes as a Motion for Certificate of Appealability. For the reasons stated herein, the Motion for Certificate of Appealability [#17] is DENIED.

I.      Certificate of Appealability

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2253 now requires a certificate of appealability in cases arising under 28 U.S.C. § 2254. A certificate may only issue if the applicant makes a substantial showing of the denial of a constitutional right, and any certificate issued must specify what claim(s) merit appellate review.

In this case, Crompton raised two claims in his § 2254 motion. First, Crompton argued that Section 720 ILCS 12-13(a)(2) is unconstitutionally vague under the Due Process Clause because the statute makes it a crime to knowingly have sexual relations with a partner who is "unable to give knowing consent." Second, Crompton claimed that his trial counsel was inadequate and ineffective because counsel did not make any effort to introduce testimony regarding the effects of alcohol on drinkers generally or to ascertain

the level of drunkenness that the victim was experiencing at the time of the sexual relations.

In reviewing both of Crompton's claims, this Court found that Crompton had not demonstrated that the Illinois Appellate Court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254.

With respect to his void for vagueness claim, the Court found that the Illinois Appellate Court utilized the appropriate legal standard as established by Supreme Court and Crompton failed to demonstrate how the Illinois Appellate Court's decision was contrary to or an unreasonable application of that legal standard. Crompton's mere disagreement with the decision of the Illinois Appellate Court does not meet the standard set forth in 28 U.S.C. § 2254. The state court conducted a thorough review of the arguments presented and found that the statute was not void for vagueness. In light of the fact that the state court's decision was reasonable in light of the evidence before it, this Court found that Crompton's void for vagueness claim was barred by 28 U.S.C. § 2254 because he failed to establish that the state court decision was an unreasonable application of Supreme Court law.

Additionally, with respect to his ineffective assistance of counsel claim, this Court found that the state court properly utilized the standard as set forth in Strickland v. Washington, 466 U.S. 668 (1984) when it found that counsel's performance did not fall below an objective standard of reasonableness and even if it had, Crompton did not suffer actual prejudice as a result. In reviewing the state court's decision, this Court agreed with the state court when it found that even if Crompton's attorney could have done a more

thorough investigation, Crompton did not suffer actual prejudice. Specifically, this Court agreed with the state court's reasoning because, in accordance with the mens rea requirement in the statute, the state court correctly focused its inquiry on what Crompton knew at the time of the incident and not what the effect of alcohol should have been on the victim. Although Crompton disagrees with this reasoning, this Court found that he failed to demonstrate why the state court's decision was an unreasonable application of the standard established in Strickland.

Given that Crompton has not presented any claims that could be debatable among jurists of reason, he has failed to make a substantial showing of the denial of a constitutional right. Having found no issue in this proceeding which warrants appellate review, this Court cannot in good faith issue a certificate of appealability for his § 2254 Petition.

**Conclusion**

For the reasons set forth herein, the Court declines to issue a certificate of appealability, and Crompton's Petition for Issuance of a Certificate of Appealability [#17] is DENIED.

ENTERED this 15th day of February, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge